UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICOLE VAZIRI,

    Plaintiff,
v.

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, NICOLE VAZIRI (hereinafter "VAZIRI" or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "METLIFE") and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132(f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. VAZIRI brings this action to recover short-term ("STD") and long-term disability ("LTD") benefits owed under the terms of employee welfare benefit plans, to enforce her rights under the plans and to clarify her rights to benefits under the terms of plans.

2. VAZIRI was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. METLIFE is a corporation with its principal place of business in the State of New York, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, METLIFE, is authorized to and is doing business within the Southern District of Florida and can be "found" within the Southern District of Florida.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

5. VAZIRI was at all times material an employee of Hyatt Corporation. ("Hyatt").

6. VAZIRI was at all times material a plan participant under the Hyatt Short-term and Long Term Disability Plans, Group Policy Number 85332-1-G (collectively referred to as the "Plans") which were established by Hyatt and pursuant to which VAZIRI is entitled to benefits. A copy of the STD and LTD Plans have been attached hereto as Composite Exhibit "A."

7. The Plans are employee welfare benefit plans within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. METLIFE is the insurer of benefits under the Plans and was appointed by Hyatt, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the Plans and for deciding any appeals of denied claims.

9. As the decision maker and payer of plan benefits, METLIFE administered the claim under a conflict of interest and the bias this created affected the claims determination. As such, METLIFE is not entitled to a deferential standard of review.

10. METLIFE is the Fiduciary charged with making benefit determinations under the Plans, including the determinations made on VAZIRI's short-term and long-term disability claims.

11. Pursuant to the terms and conditions of the Short-term Disability Plan (the "STD Plan"), VAZIRI is entitled to short-term disability ("STD") benefits for a total of 26 weeks so long as she remains disabled as required under the terms of the STD Plan.

12. According to the STD Plan, "Disability" and Disabled" are defined as:

> **Disabled or Disability** means that, due to Sickness or as a direct result of accidental injury:
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> - You are unable to earn:
>   - more than 80% of Your Predisability Earnings at Your Own Occupation from any employer.
>
> For purposes of determining whether a Disability is the direct result of an accidental injury, the Disability must have occurred within 90 days of the accidental injury and resulted from such injury independent of other causes.
>
> If Your occupation requires a license, the fact that You lose Your license for any reason will not, in itself, constitute Disability.

13. Pursuant to the terms and conditions of the Long-term Disability Plan (the "LTD Plan"), VAZIRI is entitled to long-term disability ("LTD") benefits for as long she remains disabled as required under the terms of the LTD Plan.

14. According to the LTD Plan, "Disability and "Disabled" are defined as:

> **Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:
>
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> - You are unable to earn:
>   - during the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
>   - after such period, more than 80% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.
>
> For purposes of determining whether a Disability is the direct result of an accidental injury, the Disability must have occurred within 90 days of the accidental injury and resulted from such injury independent of other causes.

15. At all relevant times, VAZIRI has complied with all conditions precedent and exhausted all required administrative remedies under the Plans.

16. Since approximately October 3, 2016, VAZIRI has been disabled under the terms of the Plans due to sickness relating to pregnancy.

17. At all relevant times, VAZIRI was a Covered Person under the Plans.

18. Shortly after becoming disabled under the terms of the STD Plan, VAZIRI made a claim to METLIFE for disability benefits.

19. METLIFE initially approved VAZIRI's claim for Short-term Disability Benefits.

20. By letter dated March 16, 2017, METLIFE informed VAZIRI that it had "received new information relating to your Short Term Disability (STD) claim" and was unable to extend her disability claim beyond January 31, 2017. A copy of METLIFE's March 16, 2017 denial letter has been attached hereto as Exhibit "B."

21. On April 28, 2017, VAZIRI received correspondence from METLIFE informing her that her claim for long-term disability benefits had been denied effective April 1, 2017. A copy of METLIFE's April 28, 2017 denial letter has been attached hereto as Exhibit "C."

22. On September 5, 2017, VAZIRI, through counsel, submitted her Appeals of METLIFE's adverse decisions as required under the terms of the Plans.

23. By letter dated October 26, 2017, METLIFE notified VAZIRI that it was upholding it decision to deny her long-term disability claim. A copy of METLIFE's October 6, 2017, long-term disability appeal denial letter has been attached hereto as Exhibit "C."

24. By letter dated November 6, 2017, METLIFE notified VAZIRI that it was upholding it decision to deny her short-term disability claim. A copy of METLIFE's November 6, 2017, 2017 short-term disability appeal denial letter has been attached hereto as Exhibit "D."

25. The letters upholding METLIFE's decisions to deny VAZIRI's short-term and long-term disability claim informed her that "no further administrative appeals are available to [her] concerning her disability benefit."

26. VAZIRI has not received benefits owed to her under the Plans, despite her right to these benefits and meeting all conditions precedent.

27. METLIFE has refused to pay the STD benefits owed to Vaziri from January 31, 2017 through April 10, 2017.

28. METLIFE has refused to pay the LTD benefits owed to Vaziri from April 1, 2017 through the present date.

29. At all relevant times, METLIFE was the payer of short-term and long-term disability benefits.

30. At all relevant times, METLIFE was the "Insurance Company" identified throughout the Plans.

31. At all relevant times, METLIFE was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the Plans and for deciding any appeals of denied claims.

32. At all relevant times, VAZIRI has been and remains Disabled and entitled to

benefits from METLIFE under the terms of the Plans.

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), VAZIRI, as a participant under the Plans, is entitled to sue for judicial determination and enforcement of benefits.

34. VAZIRI has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of METLIFE's failure to pay her disability benefits.

35. VAZIRI has exhausted all administrative remedies under the Plans.

36. METLIFE breached the Plans and violated ERISA in the following respects:

(a) Failing to pay STD and LTD benefit payments to VAZIRI at a time when METLIFE knew, or should have known, that VAZIRI was entitled to those benefits under the terms of the Plans, as VAZIRI was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the termination of VAZIRI's claims for STD and LTD benefits;

(c) After VAZIRI's claims were terminated and denied in whole or in part, METLIFE failed to adequately describe to VAZIRI any additional material or information necessary for VAZIRI to perfect her claims along with an explanation of why such material is or was necessary.

(d) METLIFE failed to properly and adequately investigate the merits of VAZIRI's disability claims and failed to provide a full and fair review of VAZIRI's claims.

37. VAZIRI believes and thereon alleges that METLIFE wrongfully terminated her claim for short-term disability benefits under the STD Plan, and denied her claim for long-term disability benefits under the LTD Plan, by other acts or omissions of which VAZIRI is presently unaware, but which may be discovered through the course of litigation, and which VAZIRI will immediately make METLIFE aware of once said acts or omissions are discovered by VAZIRI.

38. Following METLIFE's termination and denial of her claims, VAZIRI exhausted all administrative remedies required under ERISA and VAZIRI has performed all duties and obligations on her part to be performed under the Plans.

39. As a proximate result of the aforementioned wrongful conduct by METLIFE, VAZIRI has damages for loss of disability benefits in a total sum to be shown at the time of trial or summary judgment.

40. As a further direct and proximate result of this improper determination regarding VAZIRI's claim for benefits, VAZIRI, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), VAZIRI is entitled to have such fees and costs paid by METLIFE.

41. The wrongful conduct of METLIFE has created uncertainty where none should exist; therefore, VAZIRI is entitled to enforce her rights under the terms of the STD and LTD Plan and to clarify her right to future benefits under the terms of the STD and LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, NICOLE VAZIRI prays for relief against METROPOLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff under the terms of the Plans;

2.	An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.	In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered, and/or for consideration of her second appeal;

4.	Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.	Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.	Such other and further relief as this Court deems just and proper.

DATED: February 21, 2018

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*/s/ Cesar Gavidia*
CESAR GAVIDIA, ESQ.
Florida Bar No.: 015263
Email: cesar@diattorney.com
GREGORY M. DELL, ESQ.
Florida Bar No.: 299560
Email: gdell@diattorney.com